**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Reay, | No. CV17-8196 PCT DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, | |
| Defendant. | |

Plaintiff filed a complaint against Defendant State of Arizona on September 22, 2017. Doc. 1. Because Plaintiff's proof of service stated only that service had been completed by certified mail, the Court directed Plaintiff to complete proper service. Doc. 13.[1] Plaintiff subsequently filed another notice that he had served Defendant by mail. Doc. 15. Defendant moves to dismiss Plaintiff's claims for lack of proper service and failure to state a claim. Doc. 17.

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that a State may be served by delivering the summons and complaint to the State's chief executive officer or by service in accordance with state law. Arizona Rule of Civil Procedure 4.1(h)(1) provides that the State may be served by delivering a copy of the summons and complaint to the Attorney General. Plaintiff has not complied with these rules. Service by mail is not sufficient when actual delivery is required. Because Plaintiff is proceeding pro se, the Court normally would allow additional time to complete service, but in this case it is

---

[1] The Court's order incorrectly referred to service under Rule 12(b). It should have referred to Rule 4(j)(2).

clear that Plaintiff's complaint states no viable claim. The Court therefore will dismiss the action.

Plaintiff's complaint challenges Arizona's revocation of his driver's license (or its refusal to grant him one). Doc. 1. Plaintiff claims a fundamental constitutional right to hold a driver's license. He also asserts that Arizona laws must adopt the definitions contained in federal law, particularly Title 18 of the United States Code. Plaintiff appears to argue that federal law supersedes all state law, and that the State has no independent jurisdiction over driver's licenses and travel. Among other relief, Plaintiff asks the Court to (1) declare that Arizona cannot require persons to hold driver's licenses before driving on its roads, (2) order that State laws on the same subject matter as any federal law be made to conform to federal law, (3) enjoin state law enforcement officers from requiring licenses other than for commercial drivers, and (4) declare that Plaintiff may drive on all roads and highways of the State without a license. *Id.* at 1-4.

Plaintiff has filed a response to the State's motion to dismiss. Doc. 23. In addition to arguing that the undersigned judge is biased and should be removed from the case (based on previous rulings in this case), he argues that federal law preempts state law as asserted in his complaint, that the State has no defense to his claim, and that the Court should grant summary judgment in his favor. Doc. 23.

Plaintiff's complaint does not state a viable cause of action. Plaintiff has no fundamental constitutional right to a driver's license. "'The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel is utterly frivolous.'" *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) (quoting *Berberian v. Petit*, 374 A.2d 791, 794 (R.I. 1977)). Plaintiff simply "does not have a fundamental 'right to drive.'" *Id.*

Nor can Plaintiff correctly claim that all Arizona laws must conform to federal law. Indeed, federal law is presumed *not* to preempt a State's exercise of its traditional police powers. *See Ray v. Atl. Richfield Co.*, 435 U.S. 151, 157 (1978). Certainly the

regulation of driving falls within historical state police powers. *See United States v. Snyder*, 852 F.2d 471, 475 (9th Cir. 1988) ("Drivers' licenses are issued pursuant to the states' police powers, and the federal government has no constitutional authority to interfere with a state's exercise of its police power."); *United States v. Thurman*, 316 F. App'x 599, 602 (9th Cir. 2009) ("Thurman cites no authority to support his contention that federal courts can intercede in state driver's licensing matters. Ninth Circuit law is clear that we do not have the power to do so.").

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987)). In light of the law cited above and many other cases to the same effect, the Court finds it absolutely clear that Plaintiff cannot state a viable claim to eliminate Arizona's driver's license requirement. The Court therefore will dismiss this action without leave to amend.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 17) is **granted**.

2. Plaintiff's motion/request for Court (Doc. 14) is **denied as moot**.

3. Plaintiff's motion for summary judgment (Doc. 23) is **denied as moot**.

4. This case is dismissed without leave to amend. The Clerk is directed to terminate this matter.

Dated this 15th day of February, 2018.

_____
David G. Campbell
United States District Judge